HILL *vs.* BENNETT AND OTHERS.

|    |     |
|----|-----|
| 23 | 363 |
| 74 | 378 |

Where in an action of trespass *quare clausum fregit*, it appeared that the defendant's title to a farm which he claimed embraced the *locus in quo*, was derived from A, and the plaintiff offered in evidence the declarations of A, referring W, to whom he was about to lease said farm, to C, who was his chief-agent for managing his farm, and directing C to point out said farm to W; it was held, that such declarations were admissible as tending to prove that C was the agent of A, for the purpose of designating the bounds of said farm, and that the act of C, in pointing out a boundary, as being in the dividing line between the farm of A and the farm of the plaintiff, was to be deemed the act of A, himself.

A motion to set aside a verdict as being against the evidence, is not sustained.

THIS was an action of trespass *quare clausum fregit*, brought by Joseph Hill, against Josiah H. Bennett, Abraham Mathewson and Simon C. Mathewson, for breaking and entering the plaintiff's close and cutting down and carrying away the trees that were growing thereon.

The cause was tried on the general issue before the superior court for the county of Windham, at the term holden in January, 1854.

On the trial, it appeared in evidence that Simon . C Mathewson was the owner of a farm called the " Mason farm," purchased of said Bennett a short time before the trespass was alleged to have been committed.

The plaintiff's land lay upon the east side of said farm, and the principal question, between the parties, was as to the dividing line between those lands. The wood which the plaintiff proved had been cut and carried away, was taken from either the south-west corner of the plaintiff's land, or the south-east corner of the Mason farm. The plaintiff claimed, that the south bound of the dividing line was a heap of stones, which he designated as the "runaway-bound;" and if he could establish that as one of his bounds, it would shew that the land from which the wood was taken belonged to him. The defendants denied the existence of any such bound, and its existence became a material point on the trial.

It was proved, that in January, 1833, the Mason farm was conveyed to one William Almy, of the state of Rhode Island. There was no evidence that he had ever been upon the farm, or knew anything about the lines and boundaries of the same, except what might be inferred from his owner-ship of the farm. To prove the existence and location of the "runaway-bound," the plaintiff offered the testimony of Stephen Wilbur, who testified as follows: "In the spring of 1834, I went to live on the Mason farm. Almy hired me and my family by the month to go there, and told me that Caleb Cook would show me the place, and told Cook to do so in my presence. Afterwards, I went to the farm and Cook showed me the runaway-bound, as one of the bounds of the farm. My business was to cut wood, and cart it to Almy's factory in Plainfield. He owned a great many farms all about the country, in Rhode Island and Connecticut. Cook was his chief agent in the management of his farming, selling milk, butter, &c. Last fall I went to the farm, and had no difficulty in finding the place where the bound formerly was. Before that time I did not easily find it."

The plaintiff offered no other evidence to show that Cook was the agent of Almy. The defendants thereupon ob-jected to the admission of the testimony of the witness, on

the ground that there was no evidence that Cook was the agent of Almy, for the purpose of designating any bounds between his lands and the plaintiff's, or that Almy knew where the bounds were. But the court admitted the evidence.

The plaintiff introduced further evidence to prove that the defendants Bennett and Simon C. Mathewson committed the trespass alleged in the declaration, but a detail of the same is unnecessary.

The jury found a verdict against all the defendants. The defendants claiming that the court erred in admitting the testimony of Wilbur, moved for a new trial and the defendants Bennet and Simon C. Mathewson severally claiming that the jury found a verdict against them respectively, against the evidence, moved for a new trial.

*Tyler* and *Welch*, in support of the motion.

*Cleveland* and *J. G. Penrose*, contra.

Storrs, J. It is not questioned that if Almy had pointed out to Wilbur the bound in question, as being in the dividing line between the farms of Almy and the plaintiff, such act would have been admissible in evidence on the part of the plaintiff to show the extent of Almy's land; and we are of opinion that as Almy, when he was about to lease his farm to Wilbur, directed Cook to show it to the latter for his information, which implied that Cook was to inform him of its extent, Almy constituted Cook his agent for that purpose, and that the act of Cook, in pointing out to Wilbur the bound, is to be deemed the act of Almy himself, and that, therefore, it was equally admissible in evidence as if it had been done by the latter, personally. The evidence of Wilbur was, therefore, properly admitted.

The proof to show that Abraham Mathewson and Bennet, two of the defendants, were guilty of the acts complained of, was so direct and explicit, that there is no color for the

claim that, as to them, the verdict was against the weight of the evidence. Bennett indeed contradicted the witness introduced by the plaintiff, on that point; but it was for the jury to weigh their testimony, and there is no ground on which we can say that they came to a wrong conclusion. The testimony to implicate Simon C. Mathewson, the other defendant, in those acts, is much less convincing. It conduced, however, to show that the acts of Abraham Mathewson were done by his direction or authority; and although if it had been for us to pass upon its weight, we should probably have come to a different conclusion from that of the jury, we do not think that in the exercise of that discretion, by which we are governed on such a question, the circumstances are such that we ought to interfere, and grant a new trial on the ground that the verdict is palpably against the weight of the evidence.

We do not advise a new trial.

In this opinion the other judges concurred, except WAITE, J., who tried the cause in the court below, and CHURCH, C. J., who was absent.

New trial not granted.